**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

JUSTIN RAY DAVIS                              )
                                             )
vs.                                          )          Civil Action No. 7:19-cv-00139
                                             )
FORD MOTOR COMPANY                           )

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, JUSTIN RAY DAVIS, Plaintiff, by and through his undersigned counsel, complaining of FORD MOTOR COMPANY, Defendant, and for cause of action would show the Court the following:

## I.    PARTIES

1.    Plaintiff Justin Ray Davis is an individual and resident of Midland, Texas.

2.    Defendant Ford Motor Company ("Ford") is a foreign corporation doing business in the state of Texas and can be served with citation through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.    JURISDICTION AND VENUE

3.    This is a product liability and negligence cause of action arising out of a vehicular accident.

4.    The Defendant has their principal place of business in a state other than Texas. Jurisdiction, therefore, attaches pursuant to 28 U.S.C. § 1332 because there is diversity of parties, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

## III.    FACTUAL BACKGROUND

5.    This is a strict products liability and negligence case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all the other relief to which Plaintiff

deems himself entitled.

6.      On or about June 6, 2018, at approximately 3:33 p.m., Justin Ray Davis ("Davis") was the

properly belted driver of a 2005 Ford F350 (VIN# 1FTWW33P05EA60924) ("the F350") traveling

westbound on Interstate 20 in Howard County, Texas. At the same time, an 18-wheeler was also

traveling westbound on Interstate 20.

7.      As Plaintiff began to slow due to construction and traffic merging into one lane, the driver

of the 18-wheeler failed to control his speed and struck Plaintiff from behind, and Plaintiff's

vehicle was pushed into another vehicle as a result of the impact.

8.      Although Davis was properly restrained, the F350's seatback system failed in the collision

and the F350's restraint system failed to provide adequate occupant restraint and injury prevention

to Davis. The photographs on the following page show the static deformation of the driver's

seatback following impact.



**The seatback collapsed rearward as it also twisted toward the passenger side.**



**Deformation toward the rear extended past the point of the pillar-mounted seatbelt anchor position.**

9.      Davis was transported by air to Scenic Mountain Medical Center and was found to have

suffered serious and debilitating spinal injuries at multiple levels.

10.     Ford designed, manufactured, assembled and placed into the stream of commerce the F350.

11.     Ford had actual knowledge of the need for its motor vehicles to be crashworthy.

12.     The F350 was not crashworthy and contained defects.

13.     The F350 was negligently designed and manufactured.

14.     Ford's negligent conduct was attributable to its employees and/or agents who, at all times

relevant, were acting within the course, purpose and scope of their employment and/or agency,

and with the authority, consent, approval and ratification of Ford.

## CAUSES OF ACTION

### IV.
### STRICT PRODUCT LIABILITY

15.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding

paragraphs as though fully set forth herein.

16.     The 2005 Ford F350 (VIN# 1FTWW33P05EA60924) that Plaintiff was operating was designed, manufactured, assembled, marketed and sold by Ford. The F350 was unreasonably and dangerously defective in its design, manufacture and marketing. The F350's seating/restraint system was defectively designed and manufactured and such defects rendered the F350 unreasonably dangerous and unfit for its intended purpose and foreseeable use.

17.     The F350 was further defectively designed and manufactured in that it was not crashworthy rendering the F350 unreasonably dangerous and unsafe for its intended purpose. The defective nature of the vehicle and its seating/restraint system were a proximate and producing cause of the severe injuries to Plaintiff, thus rendering Ford strictly liable.

18.     At the time the vehicle left the control of Ford, there were safer alternative designs for the F350 other than those which caused Plaintiff's injuries and damages as set forth herein. The safer alternative designs would have either prevented or significantly reduced the risk of serious and catastrophic injury without substantially impairing the vehicle's utility, and the safer alternative designs were economically and technologically feasible at all times relevant.

19.     The F350 was defective as marketed in that Ford failed to warn of the dangerous conditions of F350 vehicles and their seating/restraint systems as described more fully herein.

20.     The design of the Ford F350 and its seating/restraint system were defective and unreasonably dangerous in the following ways:

     a.     The Ford F350 was generally defective in its design and manufacture because it failed to provide adequate crashworthiness in rear-end collisions;

     b.     The Ford F350 driver's seating/restraint system was inadequate to provide proper occupant restraint and injury prevention in rear-end collisions;

     c.     The Ford F350 driver's seatback was not adequately strong enough to maintain its integrity, resist failure to a reclined position, and provide occupant protection and

restraint in the event of a rear-end collision; and

c.      The Ford F350 was inadequately and improperly tested.

21.     Ford knew or should have known of the potential risk of harm presented by the defective design of the seating/restraint system, but negligently marketed the vehicle with the design and marketing defects. The vehicle posed a risk of harm for the intended or reasonably anticipated use. Ford knew or should have reasonably foreseen the risk of harm at the time the vehicle was sold, and that the product possessed a marketing defect.

22.     Ford furnished the F350 without adequate warnings regarding its lack of crashworthiness in the event of a foreseeable accident. The failure to warn or instruct the drivers of its vehicles that its seating/restraint systems contained unreasonably dangerous defects was the producing cause of Justin Ray Davis' injuries. Ford's defective and/or negligent design, manufacturing and marking of the vehicle were a proximate and producing cause of Plaintiff's injuries and damages.

23.     Plaintiff was not offered or afforded proper and adequate front occupant protection in the foreseeable rear-end collision made the basis of this lawsuit. In the crash at issue, the driver's seat deformed in a way that rendered it and the vehicle's seatbelts useless, denying Plaintiff the necessary restraint, occupant protection and injury prevention he was owed. The collapse of the driver's seat resulted in Plaintiff's personal injuries.

24.     The Ford F350 was also improperly and inadequately tested by Ford for crashworthiness, including in, but not limited to, rear-end collisions, seating/restraint system performance, safety performance and front occupant protection performance in rear-end collisions.

25.     The defective nature of the Ford F350's seating/restraint system and its uncrashworthiness in rear-end collisions, as set forth above, rendered the vehicle and its seating/restraint system unreasonably dangerous and was a proximate and producing cause of Plaintiff's injuries and

damages as specifically described herein. Plaintiff's severe injuries were proximately caused by the negligence of Ford in designing, manufacturing, testing, assembling, supplying, marketing, selling, instructing, managing product hazards and providing inadequate warnings for the Ford F350 and its seating/restraint system.

26.     Plaintiff further claims, in the alternative, that a manufacturing defect was a producing cause of his personal injuries. As further support for Plaintiff's manufacturing defect claims, Plaintiff provides notice of intention to rely upon the Malfunction Doctrine (also known as the Malfunction Theory) as set forth in RESTATEMENT (THIRD) OF TORTS: PRODUCT LIABILITY § 3 (1998).

27.     In this instance, it may be inferred that the severe injuries sustained by Plaintiff were caused by a product defect existing at the time of sale or distribution, without proof of a specific defect, because the injuries suffered by Plaintiff: (a) were of the kind that ordinarily occur as a result of a product defect; and (b) were not, in the particular case, solely the result of causes other than the product defect existing at the time of the sale or distribution. RESTATEMENT (THIRD) OF TORTS: PRODUCTS LIABILITY § 3 (1998).

28.     Plaintiff further claims that marketing defects in the product were a producing cause of his injuries and damages.

## V.
## NEGLIGENCE

29.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

30.     The negligence of Ford, including its employees, managers and executives in the course and scope of their employment includes, but is not limited to, the following acts and/or omissions regarding the Ford F350 and its seating/restraint system:

a.      Failing to warn consumers of the dangerous condition of the vehicle's seating/restraint system as described more fully herein;

b.      Failing to provide the occupants with a seating/restraint system that is adequate to provide occupant protection and injury prevention in rear-end collisions;

c.      Failing to properly and adequately perform tests to assess the occupant protection performance and effectiveness of the seating/restraint system;

d.      Failing to warn consumers of the dangerous condition of the vehicle being uncrashworthy in rear-end collisions;

e.      Failing to provide occupants with a vehicle that is crashworthy in rear-end collisions;

f.      Failing to properly and adequately perform tests to assess the crashworthiness of the vehicle in rear-end collisions so as to assess the occupant protection performance and effectiveness of the vehicle in such circumstances;

g.      Failing to properly test the vehicle; and

h.      Choosing to disregard and ignore generally accepted principles of hazard control ("design, guard and warn") as well as its obligation to hold the safety of the public paramount.

31.    Plaintiff suffered and continues to suffer injuries and damages because of Ford's negligence and gross negligence. At all relevant times, Ford owed a legal duty to Plaintiff. They owed a legal duty to exercise reasonable care in designing, manufacturing, assembling, testing, marketing and selling the 2005 Ford F350, which was crashworthy and free of defects and would not present an unreasonable degree of potential harm or danger to others. Ford owed a legal duty to exercise reasonable care while Ford's employees performed their duties in the normal course and scope of their employment.

32.    The injuries and damages suffered by Plaintiff were proximately caused by Ford's negligent and improper design and manufacture of the F350 without a strong driver's seatback that would not collapse and would provide adequate occupant restraint in rear-end collisions.

33.    The injuries and damages suffered by Plaintiff were proximately caused by Ford

negligently furnishing the F350 without adequate warnings regarding its lack of crashworthiness and its weak driver's seatback.

34.     The injuries and damages suffered by Plaintiff were proximately caused by the negligence of Defendant Ford in choosing to disregard and ignore its obligation to hold the safety of the public paramount.

35.     Ford's negligence proximately caused Plaintiff's injuries, as well as Plaintiff's damages through the enumerated wrongful acts and/or omissions.

36.     Each of the above negligent acts and omissions of Ford, whether taken singularly or in combination, were a direct, proximate, and producing cause of the injuries to Plaintiff and Plaintiff's damages that are described below. Accordingly, due to Ford's wrongful acts, carelessness, unskillfulness, negligence and gross negligence, Ford should be held liable for Plaintiff's injuries and damages.

37.     Plaintiff would show that Ford is vicariously liable for the negligent acts and omissions, jointly and severally, by and through its agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

## VI.
## BREACH OF EXPRESS AND IMPLIED WARRANTY

38.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

39.     Pleading in the alternative, Plaintiff further alleges that the Ford F350 was expressly and impliedly warranted by Ford to be safe for the use for which it was purchased. In particular, Ford expressly and impliedly warranted that the 2005 Ford F350 was crashworthy, and that the 2005 Ford F350's occupants would be protected from extra and preventable injury.

40.     The 2005 Ford F350 was neither safe nor fit for the purposes for which it was purchased,

nor was it of merchantable quality. As a result, the express and implied warranties mentioned above were breached.

41.     As a direct and proximate result of the breach of warranties, the 2005 Ford F350 proved to be uncrashworthy at the time of the rear-end collision in question, and such failures caused the injuries and damages to Plaintiff set forth herein.

## VII.   DAMAGES

42.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

43.     As a direct result of the defective F350 and Defendant Ford's actions and conduct set forth above, Justin Ray Davis suffered a spinal cord injury in the collision.

44.     Plaintiff seeks all elements of actual damages recoverable by law.

45.     Because of the nature and severity of the injuries sustained, Justin Ray Davis has suffered physical pain and mental anguish and, in reasonable probability, will continue to suffer physical pain and mental anguish in the future and for the rest of his life.

46.     Because of the nature and severity of the injuries sustained, Justin Ray Davis has suffered physical impairment and, in reasonable probability, will continue to suffer physical impairment in the future and for the rest of his life.

47.     Because of the nature and severity of the injuries sustained, Justin Ray Davis has suffered disfigurement and, in reasonable probability, will continue to suffer disfigurement in the future and for the rest of his life.

48.     Because of the nature and severity of the injuries sustained, Justin Ray Davis has required medical treatment in the past and, in reasonable probability, will require other and additional treatment and life care in the future. Charges for such medical treatment and life care that have

been made in the past and those which will, in reasonable probability, be made in the future and for the rest of his life have been and will be reasonable charges made necessary by the collision in question.

49.     As a direct and proximate result of the injuries Justin Ray Davis suffered, he has diminished earning capacity and loss of earnings in the past and, in reasonable probability, will continue to experience a loss of earning capacity and loss of earnings in the future. To compensate for this loss, Justin Ray Davis seeks recovery of loss of past and future earnings and earning capacity.

## VIII.   PRE-JUDGMENT INTEREST

50.     Plaintiff incorporates by reference each and all of the allegations contained in the preceding paragraphs as though fully set forth herein.

51.     Plaintiff would additionally say and show that he is entitled to recover pre-judgment interest and attorney's fees in accordance with law and equity as part of their damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest and attorney's fees as provided by law and equity under the applicable provisions of the laws of the State of Texas.

## IX.     JURY DEMAND

52.     Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee is tendered with the filing of this pleading.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual and compensatory damages, as specified above, from the Defendant; that Plaintiff recovers costs of Court herein expended; that Plaintiff recover the interest, both pre-judgment and post-judgment, to which Plaintiff is entitled under the law; and for such other and further relief, both general and special,

legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE AMMONS LAW FIRM, LLP

Robert E. Ammons
Federal Bar No. 11742
3700 Montrose Blvd.
Houston, Texas 77006
Telephone:    (713) 523-1606
Facsimile:    (713) 523-4159
E-mail:       rob@ammonslaw.com
E-mail:       joy@ammonslaw.com

Brian Carney
Law Office of Brian Carney
Texas Bar No. 03832275
1202 W. Texas Avenue
Midland, Texas 79701
Telephone:    (432) 686-8300
Facsimile:    (432) 686-1949
E-mail:       brian@carneylawfirm.net

**ATTORNEYS FOR PLAINTIFF**

11